IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

ZURICH AMERICAN INSURANCE COMPANY,
a New York corporation,

    Plaintiff,

v.                                                     Civil Action No. 3:06-CV-70
                                                    (Bailey)

JODY LEE LUCAS and JANE DOE,
Administratrix of the Estate of Lyle J. Knipple,

    Defendants.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day, the above-styled matter came before the Court for consideration of Defendant Jody Lee Lucas' Motion for Summary Judgment [Doc. 22]. Upon careful consideration of the defendant's motion and memorandum in support thereof, it is the opinion of this Court that the defendant's motion [Doc. 22] be **DENIED**.

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The court is to draw any permissible inference from the underlying facts in the light most favorable to the non-movant, See ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249 (1986); ***Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.***, 475 U.S. 574, 587-88 (1986) (citing ***United States v. Diebold Inc.***, 369 U.S.

645, 655 (1962)). Additionally, the party who moves for summary judgment has the burden of stating the basis for its motion in the absence of any genuine issue of material fact. **Celotex v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1996).

Upon review of the parties' memoranda, it is clear that genuine issues of material fact remain in dispute. Specifically, a factual question exists as to whether M. C. Dean permitted defendant Jody Lee Lucas to use its Chevy Astro Van for personal use. In his motion, Mr. Lucas alleges that the insurance policy provides liability coverage to "anyone else while using with M. C. Dean's permission a covered auto M. C. Dean owns." Further, Lucas alleges that M. C. Dean, via its employee handbook, expressly permitted him to use the van for personal use. Therefore, Lucas claims that he is entitled to a judgment that liability coverage applies to his claims as a matter of law.

The plaintiff, on the other hand, argues that M. C. Dean did not grant Lucas permission to use the van for personal use. Specifically, Lucas' supervisor at M. C. Dean, Bill Matteo, testified that he told Lucas that the company van was to be used for company use only. These conflicting allegations as to permission certainly pose a question for the trier of fact. Accordingly, the defendant's Motion for Summary Judgment [Doc. 22] must be **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** August 17, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE