# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ZURICH AMERICAN INSURANCE COMPANY,**

    **Plaintiff,**

v.

**BEVERLY HILDRETH and JANE DOE,**
**Administratrix of the Estate of**
**Lyle J. Knipple,**

    **Defendants,**

**and**

**JANE DOE, Administratrix of the Estate**
**of Lyle J. Knipple,**

    **Counter-Claimant,**

v.

**ZURICH AMERICAN INSURANCE COMPANY,**

    **Counter-Defendant.**

Civil Action No.  3:06CV70
(Judge Bailey)

## ORDER OF PRETRIAL CONFERENCE

On January 14, 2008, came plaintiff Zurich American Insurance Company, by and through counsel Jonathan L. Anderson and J. Rudy Martin, and came defendant Beverley Hildreth, by and through counsel Mark Jenkinson and Ron Harmon, and came the Berkeley County Sheriff as the executor of the Estate of Lyle Knipple, by and through counsel Michael Lorensen, for a pretrial conference.

As an initial matter, the Court discussed whether DNA testing had occurred on the air bar as the parties had indicated. The plaintiff advised the Court that the testing had not occurred, but for the purposes of this litigation, the parties are stipulating that Mr. Knipple

was driving the van when the accident occured.

Next, the Court addressed the Motion in Limine to Excuse Sheriff from Personally Attending Trial [Doc. No. 92]. There being no objections, the Court **GRANTED** the Motion [Doc. No. 92].

The Court then addressed the Motion in Limine to Determine Choice of Law [Doc. No. 96]. The Motion, filed on behalf fo the Estate of Lyle J. Knipple, sought to have West Virginia substantive law applied to the coverage of the insurance policy in dispute. The plaintiff and defendant Beverly Hildreth both argued that Virginia law should apply to this case. After hearing the arguments, the Court found that the Motion in Limine to Determine Choice of Law [Doc. No. 96] should be **DENIED**. The Court expressed that the statement of law given in ***Virginia Farm Bureau Mutual Insurance Company v. Appalachian Power Company***, 321 S.E.2d 84 (Va. 1984), can be limited to the facts of this case, such that if an employee had permission to do certain things, the employee could instruct a third party to do the actual driving while the employee was in the car.

Next, the Court addressed the Motion in Limine to Exclude Evidence Regarding the Intoxication of Lyle Knipple [Doc. No. 95]. The Court **GRANTED** the Motion [Doc. No. 95]. The Court then **DENIED** the Motion in Limine to Exclude Evidence Relating to Post-Accident Revisions to M.C. Dean Employee Handbook [Doc. No. 88], and **GRANTED** the Motion to Admit Handbook in Effect After Accident [Doc. No. 97].

The Court then handled the Motion in Limine to Exclude Portions of Lucas Deposition [Doc. No. 93]. In light of the stipulation that Mr. Knipple was driving the vehicle, the Court asked if there were any objections from the Knipple Estate. The Knipple Estate indicated that it was concerned about the effect of the stipulation on subsequent tort

litigation. The Court assured the parties that the jury is not being asked to determine any of the circumstances surrounding the accident. Accordingly, the Motion in Limine to Exclude Portions of Lucas Deposition [Doc. No. 93] is **WITHDRAWN**.

Next, the Court addressed the Motion in Limine to Enforce the Dead Man's Statute [Doc. No. 80]. Defendant Beverly Hildreth seeks to exclude statements allegedly made by M.C. Dean employees to Mr. Lucas when he was given the car. The Court relied on ***Cross v. State Farm Mutual Automobile Insurance Company***, 387 S.E.2d 556 (W. Va. 1989), and found that the Motion [Doc. No. 80] should be **DENIED**.

The Court then addressed concerns over the Motion in Limine to Exclude Portions of the Police Report [Doc. No. 94]. The Court ruled that the intoxication portion and the statement of Brenda Owens are to be redacted from the Report. Regarding the statement provided by Mr. Lucas, the Court instructed the parties to bring it to the Court's attention during the trial and demonstrate its relevance and how it is admissible.

The Court did not rule on the Motion for Partial Summary Judgment [Doc. No. 99], filed by the Knipple Estate, because it was the Court's belief that the Motion does not affect the trial. Regarding the Motion for Summary Judgment [Doc. No. 127], filed by Beverly Hildreth, the Court instructed the plaintiffs to respond on or before January 22, 2008, and for defendant Hildreth to reply on or before January 28, 2008. The Court hereby notes that both the Response [Doc. No. 131] and the Reply [Doc. No. 132] were timely filed.

The Court further instructed the parties to meet and compose two sets of stipulations: one for the Court and one set that will be read to the jury. The parties further agreed that the plaintiff would proceed first on the issue of UIM first party coverage, as they have the burden. The defendants bear the burden on the issue of liability coverage, and

that will be addressed second.

Defendant Hildreth inquired as to whether the plaintiff could ensure that Messrs. Matea, Poe, and Moran, M.C. Dean employees, would appear at the trial. The plaintiff indicated that he will make his best efforts but that he was having difficulty communicating with the employees and that he cannot guarantee their appearance as they are not his client. The Court stated that the parties should subpoena all witnesses.

The Court then turned to the plaintiff's proposed voir dire. The Court ordered that question four (4) under Attitudes and Beliefs should be struck. There were no objections to the proposed voir dire of Mr. Knipple's Estate. The Court then addressed the proposed voir dire by defendant Hildreth to which the plaintiff filed Objections [Doc. No. 114]. The objection to question seven (7) was cured by the stipulation that Mr. Knipple was driving, and the Court found that question twelve (12) should be struck as the Court feels that involves money damages which are not at issue in this case. The Court stated that it would read question seventeen (17). Furthermore, questions twenty-three (23), twenty-nine (29), thirty (30), thirty-one (31), and thirty-two (32) were also struck. Questions twenty-four (24) and twenty-five (25) will be balanced by the Court.

Next, the Court addressed defendant Hildreth's objections to the plaintiff's Rule 26(a)(3) pretrial disclosures [Doc. No. 110]. Hildreth objected to witness Monte Conner. The plaintiff had intended to use him as an impeachment witness, but due to the Court's ruling denying mention of the intoxication of Mr. Knipple, the Court ordered that Mr. Conner will not be used. Because the intoxication of the defendants is irrelevant to the coverage issues that are the subject of this action, the Court further ordered that plaintiff's toxicologist, Dr. James C. Kraner, and Brenda Owens will not be called as witnesses. The

Court also ordered that Mr. Lucas's deposition transcript be redacted so as not to reference Mr. Lucas discussing the use of alcohol.

Regarding the objections to exhibits [Doc. No. 110], the toxicology report will not be used as an exhibit, and the crash report may be usable for some purposes, but any mention of alcohol should be removed. In regards to the Workers' Compensation letter [plaintiff's proposed exhibit no. 7], the Court stated that the parties should craft a stipulation that Mr. Lucas was not at work, and then the letter will not need to be used. The Request for Termination [plaintiff's proposed exhibit no. 9] will be permitted, but the plaintiff's proposed exhibits nos. eleven (11) and thirteen (13) cannot be used.

Next, the Court turned to defendant Hildreth's pretrial disclosures. Because of the Court's rulings, Dr. James C. Kraner will not be a witness and neither will Michael Frick. The recorded statement from Mr. Lucas taken by Casey McGraw was withdrawn by defendant Hildreth. The affidavit signed by Mr. Lucas is an issue to be resolved at trial.

The Court next turned to objections to the pretrial disclosures by Mr. Knipple's Estate. Mr. Knipple's Estate indicated that it would stipulate to the authenticity that demand was made and received regarding the proposed documents and/or exhibits of Mr. Knipple's Estate. There being no further business, the Court adjourned the matter.

As a final note, the trial in this matter is hereby continued to March 25, 2008, at 8:30 a.m. in **MARTINSBURG**, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 8, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE